LaRIVIERE, GRUBMAN & PAYNE, LLP
Robert W. Payne, Esq. (Cal Bar No. 073901)
rpayne@lgpatlaw.com
Nicole A. Smith, Esq. (Cal Bar No. 243823)
nsmith@lgpatlaw.com
Post Office Box 3140
19 Upper Ragsdale Drive
Monterey, CA 93942-3140
Telephone: (831) 649-8800
Facsimile: (831) 649-8835

Attorneys for Plaintiff
PYBAS VEGETABLE SEED CO., INC

**FILED**

2008 APR 29 P 1:38

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid

**E-FILING**

**ADR**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PYBAS VEGETABLE SEED CO., INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TOZER SEEDS, LTD., a United Kingdom corporation; and DOES 1-50 inclusive,<br><br>　　　　Defendants. | NO. C08 02216 HRL<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff, PYBAS VEGETABLE SEED CO., INC. (hereafter "Pybas Seed" or "Plaintiff") alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under 18 U.S.C. §§ 1961 et seq. and 15 USC §1125 et seq. Jurisdiction is therefore proper under 28 U.S.C. §1331. Furthermore, there is complete diversity between the parties, and the amount in dispute exceeds $75,000. Jurisdiction is therefore also proper under 28 U.S.C. §1332.

2. Supplemental jurisdiction of this Court exists for the state law claims stated herein, each

COMPLAINT　　　　　　　　　　　　-1-

of which arise out of a common nucleus of operative facts with those from which the federal claims arise.

3. Venue in this judicial district is proper under 28 U.S.C. §1391 (b), (c) and (d). Defendant has on a continual and substantial basis done business in and engaged in activities concerning the events set forth herein within the Northern District of California, including but not limited to Monterey County.

## THE PARTIES

4. Plaintiff is a corporation existing under the laws of California, with its principal place of business in Santa Maria, California.

5. Plaintiff is informed and believes, and based thereon alleges, that Defendant Tozer Seeds, Ltd., is a United Kingdom corporation, having its principal place of business in the United Kingdom of Great Britain and Ireland.

6. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive and therefore sues said Defendants by such fictitious names. Plaintiff will amend this complaint when the true names and capacities of said Defendants have been ascertained. Plaintiff is informed and believess and thereon alleges that said DOES, and each of them, are legally responsible in some manner for the events and happenings referred to herein, and proximately caused or contributed to the injuries and damages to Plaintiff as herein alleged.

7. Plaintiff is informed and believes and thereon alleges that each and every Defendant was the agent and employee of each of the remaining Defendants, and in doing the things herein alleged acted within the course and scope of said agency and employment.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

8. In or about September of 2004, Plaintiff and Defendant entered into an oral and implied in fact contract, whereby the parties agreed, inter alia, that they would jointly develop lettuce varieties, advise and report on their work, deal exclusively through Plaintiff in the production and sales of seed and other Tozer products in the United States, Canada and Mexico, pay royalties on sales of said seed and products, provide seed only to Plaintiff for sales of seed within the United States, Canada and Mexico and maintain said agreement for a period of five (5) years, with two years

notice of termination and distribute and market said seed in cooperation with each other.

9. In or about August of 2007, Plaintiff and Defendant entered into a contract signed by Plaintiff and ratified by Defendant and its agent, whereby the parties agreed, inter alia, that they would jointly market and distribute celery and lettuce varieties and other Tozer products, advise and report on their work, deal exclusively through Plaintiff in the distribution of seed and other Tozer products in the United States, Canada and Mexico, pay royalties on sales of said seed and products, provide seed only to Plaintiff for sales of seed within the United States, Canada and Mexico and meet requested orders and provide twelve (12) months notice of intent to terminate said agreement.

## COUNT I

(Racketeering Influenced and Corrupt Organizations Act –
18 U.S.C. §1961 et seq.)

10. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

11. Defendant is a corporation capable of holding a legal or beneficial interest in property, and therefore is a "person" within the meaning of 18 U.S.C. §1961(3).

12. Tozer America, LLC is a subsidiary of Defendant Tozer Seeds, Ltd., and is and has been an instrumentality and "enterprise" through which Defendant Tozer Seeds, Ltd. has conducted the unlawful scheme herein alleged. Additionally, Defendant Tozer Seeds, Ltd. has operated through one or more individuals, including its agent, Douglas Peters, through which it conducted the unlawful scheme herein alleged. Douglas Peters was an employee of Plaintiff until 2007, at which time he left the employ of Plaintiff and commenced formal employment with Tozer America, LLC. On information and belief, Douglas Peters and others have, separately from or in concert with Tozer America, LLC, conspired and formed an enterprise which for purposes of this Complaint is named the "Tozer America-Peters Enterprise," to engage in the activities set forth herein. On information and belief, Douglas Peters, Tozer America, LLC and Defendant Tozer Seeds, Ltd. conspired and formed an enterprise which for purposes of this Complaint is named the "Tozer Seeds-Tozer America-Peters Enterprise." Each of the aforesaid enterprises is a RICO enterprise within the

meaning of 18 U.S.C. §1961(4), that is engaged in, or whose activities affect, interstate or foreign commerce.

13. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, have engaged in a continuous pattern and practice of economic espionage and trade secret misappropriation, both directed towards and for the purpose of harming Plaintiff, and unlawfully to preclude competition by Plaintiff in the agricultural marketplace. Defendants acted in concert with several known and unknown actors by devising a scheme to fraudulently acquire and use the confidential information, goodwill and materials of Plaintiff and to mislead Plaintiff concerning their true intentions regarding a long-term working relationship, resulting directly in injury involving lost contracts and customer revenue and unauthorized use of proprietary plant lines. Defendants, and each of them, by and through the above-named enterprises, engaged in the alleged pattern of racketeering activity through the use of U.S. mail and U.S. wires, in a manner constituting mail fraud and wire fraud.

14. The above-mentioned conduct is evidenced by, inter alia, the following, by virtue of mail, wire and other means:

   a. Prior to leaving Plaintiff's employ, Douglas Peters engaged in a pattern of transmitting confidential information and assisting the establishment of a competing enterpise within the United States under the ownership of Defendant, including but not limited to divulging confidential business plans of Plaintiff to Defendant without authorization, to compete unfairly against Plaintiff.

   b. Upon terminating his employment with Plaintiff, Douglas Peters attempted to delete all company information from his computer hard drive, including information which reflected a pattern of unauthorized communications and distribution of trade secret information to Defendants.

   c. From and after September, 2004 and continuing through to his last day of employment with Plaintiff, Douglas Peters was entrusted with the responsibility of securing the signed agreements with Defendant, and he falsely and fraudulently acted as agent for Defendant in both failing to secure said signatures, concealing that fact and furthermore affirmatively assuring Plaintiff – with the knowledge, approval and encouragement of Defendant – that the agreements had

been assented to by Defendant, which signing Defendant subsequently denied.

    d. Defendants, and each of them, have used the confidential customer and distributor information belonging to Plaintiff to solicit business from Plaintiff's customers and otherwise to compete against Plaintiff, after Defendant wrongfully repudiated its contractual obligations toward Plaintiff and after Defendant wrongfully appropriated said information to its own use.

    e. On information and belief, Defendants, and each of them, have retained the proprietary genetic material of Plaintiff after a demand to return the same, and have failed to return all such material and have continued to make use of the information and properties of said material for their own use.

15. As a proximate result of Defendants' above-described conduct, Plaintiff is informed and believes and based thereon alleges that it has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

16. At all material times, Defendants acted in bad faith, oppressively and maliciously toward Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble damages against Defendants, and each of them. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

17. The above described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

Wherefore, Plaintiff prays for judgment as hereafter set forth.

## COUNT II

(Conspiracy – 18 U.S.C. §1962(d))

18. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

19. The foregoing actions constitute conspiracy to engage in actions prohibited under the Racketeering Influenced and Corrupt Organizations Act.

20. As a proximate result of Defendants' above-described conduct, Plaintiff is informed and believes and based thereon alleges that it has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

21. At all material times, Defendants acted in bad faith, oppressively and maliciously toward Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble or other enhanced damages against Defendants, and each of them, in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

22. The above described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

Wherefore, Plaintiff prays for judgment as hereafter set forth.

## COUNT III

(Unfair Competition–15 U.S.C. §1125 et seq.)

23. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

24. The foregoing actions constitute unfair competition under 15 U.S.C. §1125, et seq.

25. As a proximate result of Defendants' above-described conduct, Plaintiff is informed and believes and based thereon alleges that it has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

26. At all material times, Defendants acted in bad faith, oppressively and maliciously toward Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble or other enhanced damages against Defendants, and each of them, in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

27. The above described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

COMPLAINT                    -6-

1  Wherefore, Plaintiff prays for judgment as hereafter set forth.

## COUNT IV

(Interference with Contract)

28. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

29. Defendants, and each of them have tortiously and knowingly interfered with existing contractual relationships of Plaintiff, with intent to induce the breach thereof or to render Plaintiff's performance thereof more difficult.

30. As a proximate result of Defendants' above-described conduct, Plaintiff's performance thereof has been rendered more difficult or breach has been induced, and Plaintiff has been damaged in an unascertained amount, which, on information and belief, exceeds $75,000. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

31. At all material times, Defendants acted in bad faith, oppressively and maliciously toward Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble or other enhanced damages against Defendants, and each of them, in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

32. The above described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

WHEREFORE, Plaintiff pray for judgment as hereafter set forth.

## COUNT V

(Interference with Prospective Economic Relations )

33. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

34. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them have knowingly interfered with long-standing and ongoing economic relationships that

COMPLAINT                       -7-

Plaintiff has enjoyed with its customers, which relationships had the probability of future economic benefit, with intent to interfere with said relationships.

35. As a proximate result of Defendants' above-described conduct, Plaintiff is informed and believes and based thereon alleges that it has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

36. At all material times, Defendants acted in bad faith, oppressively and maliciously toward Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble or other enhanced damages against Defendants, and each of them, in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

37. The above described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

WHEREFORE, Plaintiff pray for judgment as hereafter set forth.

## COUNT VI

(Conversion)

38. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

39. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them have converted to their own use the physical and intangible property of Plaintiff, as set forth above.

40. As a proximate result of Defendants' above-described conduct, Plaintiff is informed and believes and based thereon alleges that it has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

41. At all material times, Defendants acted in bad faith, oppressively and maliciously toward Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble or other enhanced

1  damages against Defendants, and each of them, in an unascertained amount. Plaintiff will seek leave
2  to amend this Complaint when such damages have been ascertained.

3      42. The above described acts of Defendants have caused and are continuing to cause
4  irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will
5  continue to do so unless enjoined by this Court.

6      WHEREFORE, Plaintiff pray for judgment as hereafter set forth.

## COUNT VII

(Trade Secret Misappropriation)

43. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

44. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them have misappropriated the trade secrets of Plaintiff, as set forth above, in violation of California Civil Code 3426.1 et seq.

45. As a proximate result of Defendants' above-described conduct, Plaintiff is informed and believes and based thereon alleges that it has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

46. At all material times, Defendants acted in bad faith, oppressively and maliciously toward Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble or other enhanced damages against Defendants, and each of them, in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

47. The above described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

WHEREFORE, Plaintiff pray for judgment as hereafter set forth.

## COUNT VIII

(Breach of Contract - Lettuce Agreement)

48. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

49. Defendant has materially breached the contract pertaining to joint development of lettuce by failing to perform the previously alleged obligations and by repudiating said agreement in anticipation of required performance.

50. As a proximate result of Defendants' above-described conduct, Plaintiff is informed and believes and based thereon alleges that it has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

51. The above described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

WHEREFORE, Plaintiff pray for judgment as hereafter set forth.

## COUNT IX

(Breach of Contract - Marketing and Distribution Agreement)

52. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

53. Defendant has materially breached the contract pertaining to marketing and distribution of celery and lettuce and other Tozer products by failing to perform the previously alleged obligations and by repudiating said agreement in anticipation of required performance.

54. As a proximate result of Defendants' above-described conduct, Plaintiff is informed and believes and based thereon alleges that it has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

55. The above described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

WHEREFORE, Plaintiff pray for judgment as hereafter set forth.

## COUNT X

(Quantum Meruit – Constructive Trust)

56. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

57. Plaintiff is informed and believes and based thereon alleges that Plaintiff has entrusted to Defendants' use, for Plaintiff's benefit, that certain property and information set forth above, by which use Defendant has become unjustly enriched, such that Defendant is a constructive trustee of the proceeds and corpus of such property for the benefit of Plaintniff.

58. As a proximate result of Defendants' above-described conduct, Plaintiff is informed and believes and based thereon alleges that it has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

59. At all material times, Defendants acted in bad faith, oppressively and maliciously toward Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble or other enhanced damages against Defendants, and each of them, in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

60. The above described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

WHEREFORE, Plaintiff pray for judgment as hereafter set forth.

## COUNT XII

(Promissory Estoppel)

COMPLAINT                    -11-

61. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

62. Defendant Tozer Seeds, Ltd. made promises to perform the above-alleged work and honor the above-alleged arrangements.

63. Plaintiff reasonably expected and relied upon said promises, to its detriment.

64. The above described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

WHEREFORE, Plaintiff pray for judgment as hereafter set forth.

## COUNT XII

(Breach of Fiduciary Duty)

65. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

66. Plaintiff is informed and believes and based thereon alleges that a fiduciary duty and position of trust has arisen by virtue of the relationship between Plaintiff and Defendants, and each of them.

67. Defendants, and each of them, have breached their fiduciary duties to Plaintiff by the above described acts and failures to act, including but not limited to misleading and false statements and material omissions of statements of fact.

68. As a proximate result of Defendants' above-described conduct, Plaintiff is informed and believes and based thereon alleges that it has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

69. At all material times, Defendants acted in bad faith, oppressively and maliciously toward Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble or other enhanced

damages against Defendants, and each of them, in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

70. The above described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

WHEREFORE, Plaintiff pray for judgment as hereafter set forth.

## COUNT XIII

(State Unfair Business Practices)

71. As and for a cause of action against Defendants, and each of them, Plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

72. The actions of Defendants as described hereinabove constitute an unfair business practice under California Bus. & Prof. Code Section 17200, et seq. Plaintiff has suffered injury in fact by such actions.

73. As a proximate result of Defendants' above-described conduct, Plaintiff is informed and believes and based thereon alleges that they have been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

74. At all material times, Defendants acted in bad faith, oppressively and maliciously toward Plaintiff, with intent to injure Plaintiff, thereby entitling Plaintiff to treble or other enhanced damages against Defendants, and each of them, in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

75. The above described acts of Defendants have caused and are continuing to cause irreparable injury to Plaintiff, for which Plaintiff have no adequate remedy at law, and Defendants will continue to do so unless enjoined by this Court.

WHEREFORE, Plaintiff pray for judgment in its favor as follows:

1. An award of monetary damages according to proof;

2. An award of punitive, enhanced or treble monetary damages, according to proof;

3. An award of prejudgment interest from the date of each wrongful act and recovery of Plaintiff' attorneys fees and costs;

4. Injunctive relief against Defendants, and each of them, their officers, agents, employees, servants, attorneys, representatives, successors and assigns, and each of them and all others in privity and acting on behalf of or in concert therewith, to refrain from making further unauthorized contacts or otherwise interfering with Plaintiff's relationship with Plaintiff's customers and distributors, using Plaintiff's confidential information for any purpose, and disclosing or dealing with any unauthorized party, including Tozer Seeds America, LLC; to advise Plaintiff fully of all matters under joint development, deal exclusively with Plaintiff on all jointly developed product; pay all required royalties and otherwise continue performance under both contracts as required by their terms; and return of all property, including but not limited to all genetic material provided by Plaintiff to Defendants;

5. A judicial declaration that all proprietary materials provided to Defendants remains the property of Plaintiff and must be returned forthwith;

6. An award of Plaintiff' attorneys' fees and costs; and

7. Any and all further relief as may be deemed fit and proper.

### JURY TRIAL DEMAND

Pursuant to Fed R. Civ. P. 38(b), 5(d) and Local Rule 3-6, Plaintiff demands a jury trial of all issues triable by jury.

Dated: April 28, 2008.

Respectfully submitted,

LARIVIERE, GRUBMAN & PAYNE, LLP

By: _____
Robert W. Payne
Attorneys for Plaintiff

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
PYBAS VEGETABLE SEED CO., INC., a California corporation

### DEFENDANTS
TOZER SEEDS, LTD., a United Kingdom corporation; and DOES 1-50 inclusive

**(b)** County of Residence of First Listed Plaintiff  Santa Barbara
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

LaRiviere, Grubman & Payne, LLP
19 Upper Ragsdale Drive, Suite 200
Monterey, CA 93942
831-649-8800

Attorneys (If Known)

ADR

C08 02216 HRL

E-FILING

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [x] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [x] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | | [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 650 Airline Regs. | [ ] 830 Patent | [x] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 USC §1961 et seq.; 15 USC §1125 et seq.

Brief description of cause:
Unfair competition, interference with contract

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ over $75,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [x] SAN JOSE

DATE: April 29, 2008

SIGNATURE OF ATTORNEY OF RECORD